# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **AKIVA DESEAN JONES,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00222 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **OFFICER N. Z. PERRIGAN, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Akiva Desean Jones, Pro Se Plaintiff; Richard C. Vorhis,* OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, *Richmond, Virginia, for Defendant Red Onion State Prison.*

The plaintiff, Akiva Desean Jones, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that in September 2021, prison officials assaulted him and failed to provide adequate medical care for his injuries. One of the named defendants, Red Onion State Prison (Red Onion) has filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 33, and Jones has responded. ECF No. 43, making this matter ripe for consideration. The motion must be granted.

Jones alleges the following sequence of events on which he bases his claims. On September 17, 2021, at Red Onion, Jones was in the A-6 vestibule in full restraints, being held face down by Sargeant Allen and Officer Collins. Other

officers allegedly "took turns punching" Jones in the face. Compl. 3, ECF No. 1. Officer Mickles (also referred to as Mickels) allegedly kicked Jones in the face and shattered his nose. This officer then allegedly tried to choke Jones, by placing his foot and then his knee on Jones's neck. Another officer allowed a guard dog to bite Jones on his calf and thigh. Other defendants allegedly failed to provide appropriate medical care for the injuries Jones received during this incident.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Jones has named Red Onion itself as a defendant in this case. It is well settled that a state cannot be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," such as a state correctional facility like Red Onion. *Id.* at 70 (citation omitted). Because Red Onion is properly considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983. Therefore, I will grant the Motion to Dismiss.

After review of the record and for reasons stated, it is **ORDERED** as follows:

1. The Motion to Dismiss, ECF No. 33, as to Red Onion State Prison, is GRANTED, all claims against Red Onion are DISMISSED, and the action shall go forward against the other defendants that Jones has named; and

2. The remaining defendants — S. Allen, E. Collins, N.Z. Perrigan, J.A. Phipps, P. Sayer, Cody S. Mickles, L. Jesse, and D. Trent — are DIRECTED to file any motion for summary judgment within thirty days from the entry of this Opinion and Order.

The Clerk will send a copy of this Opinion and Order to Defendant Cody S. Mickles and to the plaintiff.

                                        ENTER:  November 23, 2022

                                        /s/  JAMES P. JONES
                                        Senior United States District Judge